IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00361-CMA-NYW

PETER GEORGE NOE,

    Petitioner,

v.

B. TRUE,

    Respondent.

## ORDER ON MOTION FOR APPOINTMENT OF COUNSEL

Magistrate Judge Nina Y. Wang

This matter comes before the court on the Motion Requesting that Counsel be Appointed (the "Motion" or "Motion for Appointment of Counsel") filed on April 7, 2022 by Petitioner Peter George Noe ("Petitioner" or "Mr. Noe"). [Doc. 18]. This court considers the Motion pursuant to 28 U.S.C. § 636(b) and the Order Referring Case dated April 4, 2022. [Doc. 17]. For the following reasons, the Motion for Appointment of Counsel is respectfully **DENIED without prejudice**.

## BACKGROUND

On February 7, 2022, Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 (the "Application"). [Doc. 1]. The Honorable Gordon P. Gallagher granted Plaintiff leave to proceed *in forma pauperis* on February 10, 2022. [Doc. 5]. Then, on February 23, 2022, Judge Gallagher ordered Respondent B. True, the warden of the United States Penitentiary, Administrative Maximum ("Respondent"), to file a preliminary response to the Application addressing only the affirmative defense of failure to exhaust administrative remedies. [Doc. 7 at 1]. Respondent filed a response

on March 16, 2022 indicating that he does not intend to assert such a defense. [Doc. 14]. Judge Gallagher then ordered Respondent to show cause, within 30 days, why the Application should not be granted. [Doc. 15]. This response has not yet been filed and is due on April 20, 2022.

Determining that Petitioner's case did not appear appropriate for summary dismissal, Judge Gallagher ordered that the case be drawn to a presiding judge. [Doc. 16]. The case was drawn to the presiding judge, the Honorable Christine M. Arguello, and referred to the undersigned Magistrate Judge. [*Id.*; Doc. 17].

In his Application, Petitioner challenges the calculation of the length of his sentence, arguing that he is entitled to earn "good time credits" under the First Step Act of 2018, but that his requests to be made eligible for such credits have been denied. *See* [Doc. 1 at 2-6]. More specifically, Mr. Noe represents that he was "convicted of [an offense under] 28 U.S.C. [§] 846 and has a leadership [role] enhancement" for sentencing purposes. [*Id.* at 3]. He states that he has been told that he is ineligible for good time credits but argues that this is incorrect, as "21 USC 846 is not excluded under the [F]irst [S]tep [A]ct." [*Id.* at 4].

The First Step Act was enacted "to reform sentencing law and to reduce recidivism," *United States v. Saldana*, 807 F. App'x 816, 818 (10th Cir. 2020), and "'to correct earlier statutes' significant disparities' in the treatment of crack cocaine and powder cocaine. *United States v. Hill*, No. CR JKB-96-00399, --- F. Supp. 3d. ----, 2020 WL 891009, at *2 (D. Md. Feb. 24, 2020) (quoting *United States v. Wirsing*, 943 F.3d 175, 176–77 (4th Cir. 2019)). The First Step Act authorizes retroactive effect of the Fair Sentencing Act of 2010, which was enacted to reduce statutory penalties for certain

offenses involving crack cocaine. *United States v. Reed*, 7 F.4th 105, 107 (2d Cir. 2021). Relevant here, the First Step Act provides that "[a] court that imposed a sentence for a **covered offense** may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act § 404(b), Pub. L. No. 115-391, 132 Stat. 5194, 5222. (emphasis added).

Mr. Noe filed the instant Motion on April 7, 2022. [Doc. 18]. In the Motion, he states that the issues raised in this case are "highly complex," concerning the "level, if any, [of] discretion that the Federal Bureau of Prisons has to limit the inmates['] access to the time credits now required under the First Step Act." [*Id.* at 1-2]. Mr. Noe maintains that the court's ruling "will have sweeping effects [across] the entire Federal Bureau of Prisons and will affect numerous rules put out by the Federal Bureau of Prisons related to the First Step Act and the time credits." [*Id.* at 2]. Petitioner asserts that his argument is "highly complex" and will impact "probably thousands" of inmates, and for this reason, it would be "fundamentally unfair to not have a real lawyer make a proper argument to this honorable court." [*Id.* at 4]. The court addresses Petitioner's arguments below.

## ANALYSIS

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). "However, there is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Specifically, Rule 8 of the Rules Governing Section 2254 Cases[1] provides that "[i]f an evidentiary hearing is warranted, the judge must

---

[1] District courts have discretion to apply the Rules Governing Section 2254 Cases to habeas petitions asserted under § 2241. *See Boutwell v. Keating*, 399 F.3d 1203, 1210

appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Section 2254 Rule 8(b). Furthermore, Rule 6 provides that, "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Section 2254 Rule 6(a).

If an evidentiary hearing is not held, decisions regarding appointment of counsel in habeas corpus proceedings are left to the discretion of the trial court. *Swazo*, 23 F.3d at 333; *Engberg v. Wyoming*, 265 F.3d 1109, 1112 (10th Cir. 2001). "Such appointments are rare." *Gutierrez v. United States*, No. 12-CR-2222 WJ, 2022 WL 204218, at *2 (D.N.M. Jan. 24, 2022). Indeed, "'Criminal Justice Act funds are not generally available for appointment of counsel for habeas petitioners in noncapital cases,' and 'most habeas petitioners' must proceed *pro se*." *Id.* (quoting *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1084 (11th Cir. 2014) (alteration marks omitted)). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006).

The court has made no determination as to whether an evidentiary hearing is required in this action, nor has the court authorized discovery in this matter. Thus, appointment of counsel is not required under the Rules Governing Section 2254 Cases. *See Munoz v. Williams*, No. 17-cv-01196-GPG, 2017 WL 11483908, at *1 (D. Colo. Dec. 20, 2017); *Estes v. Werlich*, No. 16-cv-00141-WJM-MEH, 2021 WL 7449429, at *4 (D. Colo. Oct. 22, 2021), *report and recommendation adopted*, 2022 WL 325701 (D. Colo.

---

n.2 (10th Cir. 2005); *see also* Section 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not [brought under [§ 2254].").

Feb. 3, 2022). The court thus must determine whether it should exercise its discretion and order the appointment of counsel at this time.

Upon review of the Application, the applicable case law, and the entire docket, the court respectfully concludes that the interests of justice do not require appointment of counsel at this time. This case is still in its very early stages; indeed, Respondent has not yet filed his response to the Application, at which point Petitioner will have an additional 30 days to file a reply brief. *See* [Doc. 15 at 1]. For this reason, the exact nature of the issues that will be presented to the court are not yet known. This cuts against a finding that appointment of counsel is warranted. *Cf. Davis v. Schnurr*, No. 20-3269-SAC, 2022 WL 103275, at *4 (D. Kan. Jan. 11, 2022) ("At this early stage in the proceedings, when it is yet unclear whether this matter will proceed, the Court concludes that it is not in the interest of justice to appoint counsel.").

In any event, the court is respectfully not persuaded that the issues presented in this case are so highly complex so as to require appointment of counsel at this time. "To be eligible for relief under the First Step Act, a defendant must have been convicted of a 'covered offense' committed before August 3, 2010." *United States v. Davis*, 423 F. Supp. 3d 13, 16 (W.D.N.Y. 2019), *aff'd*, 961 F.3d 181 (2d Cir. 2020). Thus, the first step of the eligibility inquiry is whether Petitioner was convicted of a "covered offense," and whether such conviction occurred prior to August 3, 2010. "Under the plain language of the Act, whether an offense is a 'covered offense' is determined by examining the statute that the defendant violated." *Id.* "If that statute is one for which the statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act, it is a 'covered offense.'" *Id.* A number of courts have considered whether a conviction under 28 U.S.C. § 846 constitutes

5

a "covered offense" entitling an inmate for consideration of a reduced sentence under the First Step Act. *See, e.g.*, *United States v. Daniels*, No. 06-CR-20234, 2020 WL 3481641, at *3 (E.D. Mich. June 26, 2020); *United States v. Hill*, No. CR JKB-96-00399, 2020 WL 891009, at *3 (D. Md. Feb. 24, 2020). The court is not convinced that this is a "rare" case in which appointment of counsel is necessary for the court to fully and fairly address Petitioner's arguments. *See Beylik v. Estep*, No. 07-cv-02710-WYD, 2009 WL 2134371, at *1 (D. Colo. July 14, 2009) (appointment of counsel is not necessary where "the issues are straightforward and capable of resolution on the record").

Moreover, the court has reviewed Petitioner's Application [Doc. 1] and finds that he is able to clearly articulate the basis of his arguments. And the court further notes that Mr. Noe has presented his arguments once before in a case assigned to the presiding judge. *See Noe v. True*, No. 21-cv-02471-CMA, 2022 WL 124752, at *1 (D. Colo. Jan. 13, 2022) (denying application for writ of habeas corpus without prejudice upon concluding that plaintiff's application was not ripe). Finally, the court reminds Mr. Noe that because he proceeds pro se, the court will afford his filings liberal construction. The United States Court of Appeals for the Tenth Circuit has explained that "liberal construction of pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.'" *United States v. $9,020.00 In U.S. Currency*, 30 F. App'x 855, 858 (10th Cir. 2002) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Given the early procedural posture of this case, the Motion for Appointment of Counsel is **DENIED without prejudice**. Should the circumstances in this case change—for example, should the presiding judge determine that an evidentiary hearing is appropriate in this matter—Mr. Noe can file a renewed motion for appointment of counsel.

## CONCLUSION

For these reasons, **IT IS ORDERED** that:

(1) The Motion Requesting that Counsel be Appointed [Doc. 18] is **DENIED without prejudice**;[2] and

(2) A copy of this Order, marked as legal mail, shall be sent to:

Peter George Noe, #10849-041
Florence ADMAX United States Penitentiary
Inmate Mail/Parcels
P.O. Box 8500
Florence, CO 81226

DATED:  April 13, 2022

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

[2] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision.  Within fourteen (14) days after service of a copy of this Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).  Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order.  *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").