IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No.  22-cv-00361-CMA-NYW

PETER GEORGE NOE,

    Applicant,

v.

B. TRUE,

    Respondent.

## ORDER DENYING MOTION TO CONSOLIDATE AND STAY ALL ACTIONS PENDING CONSOLIDATION

This matter is before the Court on Applicant Peter George Noe's Motion to Consolidate and Stay All Actions Pending Consolidation (Doc. # 22). In his Motion to Consolidate, Mr. Noe moves the Court to consolidate *Peter George Noe v. B. True*, Civil Case No. 1:22-cv-00358-GPG with the instant case.[1]

Federal Rule of Civil Procedure 42(a) provides that in actions which involve "a common question of law or fact," the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The decision of whether to consolidate cases is committed to this Court's sound discretion. *Am. Emps.' Ins. Co. v. King Res. Co.*, 545

---

[1] Because Mr. Noe proceeds *pro se*, the Court construes his motion and other papers liberally. See *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

F.2d 1265, 1269 (10th Cir. 1976). In exercising its discretion, the Court considers "whether judicial efficiency is best served by consolidation." *Otter Prod., LLC v. Treefrog Dev., Inc.*, No. 11-CV-02180-WJM-KMT, 2013 WL 490964, at *1 (D. Colo. Feb. 7, 2013) (quoting *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008)). "The [C]ourt generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Id.* (quoting *C.T.*, 562 F. Supp. 2d at 1346).

In the instant action, Mr. Noe brings one claim asserting that he is eligible for time credit under the First Step Act of 2018. (Doc. # 1 at 2.) In Civil Case No. 1:22-cv-00358-GPG, Mr. Noe asserts a claim that there are errors in his presentence investigation report that led to a miscalculation of his criminal history score. Previously, Mr. Noe brought both claims in *Peter George Noe v. B. True*, Civil Case No. 21-cv-02471-CMA. In that case, this Court dismissed Mr. Noe's claim relating to his presentence investigation report on November 16, 2021, for failure to exhaust administrative remedies. The Court then denied Mr. Noe's Application without prejudice on January 13, 2021, because the Court determined that Mr. Noe's remaining time credit claim was not yet ripe and the Court therefore lacked subject matter jurisdiction. Judgment entered on January 14, 2022, and the Court denied Mr. Noe's Motion to Reconsider on February 1, 2022. Mr. Noe then refiled both claims as separate Applications for Writ of Habeas Corpus, resulting in the two actions that are the subjects of the instant motion.

The Court finds that judicial efficiency would not be best served by consolidating the two cases at this time, in part because the cases involve substantially different claims. Further, while exhaustion of administrative remedies is not disputed in the action before this Court, the issue of exhaustion is still being litigated in Civil Case No. 22-cv-00358-GPG. Given the different postures of the two cases with respect to exhaustion, the Court finds that consolidation would potentially delay this case and would not best serve judicial efficiency.

Finally, Mr. Noe is reminded that under this District's Local Rules:

> A motion to consolidate shall be filed in the lowest numbered case included in the proposed consolidation and shall be decided by the district judge to whom the lowest numbered case is assigned. A notice of filing of a motion to consolidate shall be filed by the movant as a party . . . in all other cases proposed for consolidation.

D.C.COLO.LCivR 42.1.

For the foregoing reasons, it is ORDERED that Mr. Noe's Motion to Consolidate and Stay All Actions Pending Consolidation (Doc. # 22) is DENIED.

DATED: April 28, 2022

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge