**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-00361-CMA

PETER GEORGE NOE,

      Petitioner,

v.

B. TRUE,

      Respondent.

---

## ORDER DENYING MOTIONS

---

This matter is before the Court on Applicant's "Motion requesting permission to amend the complaint" filed December 19, 2022 (ECF No. 47) and the "Notice of voluntary dismissal" filed December 20, 2022 (ECF No. 48); the "Motion to reconsider motion to appoint counsel" filed December 23, 2022 (ECF No. 49); and the "Motion requesting the status of pending motions Doc #49 (Reconsider appointment of counsel), Doc #48 (motion to dismiss in part), Doc #47 (Motion to Amend)" (ECF No. 50).

The Court must construe Applicant's filings liberally because he is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as a *pro se* litigant's advocate.   *See Hall*, 935 F.2d at 1110.

### 1.  Motion to Amend

In his original Application (ECF No. 1), Applicant alleges that, under the First Step Act, the Bureau of Prisons improperly denied his eligibility to participate in Evidence Based Recidivism Reduction ("EBRR") programs and requests that the Court

retroactively credit him with 380 days' worth of earned-time credits for programs in which he has never participated.   (*See* ECF No. 1 at 3, 9.)

Applicant now seeks to amend his Application "to remove a few lines due to confusion" (ECF No. 47) and to remove allegations never briefed by any party or considered in this case (ECF No. 48).   Specifically, Applicant states that he seeks to eliminate portions of his Application that refer to Respondent's refusal to set up EBRR programs because in a separate case, Civil Action Number 22-cv-01618-LTB-SBP, his claims regarding EBRR are subject to dismissal as duplicative of claims in this case. (ECF No. 47 at 1-2.)   In Civil Action Number 22-cv-01618-LTB-SBP, Applicant challenges, in part, his inmate classification and placement at ADX.   (*See* Civil Action No. 22-cv-01618-LTB-SBP, ECF No. 42 at 4-5.)   Applicant argues that, in this case, the portions of the Application he seeks to eliminate "were never meant to challenge [Applicant's ADX placement, [and] the government [in this case] never briefed [the issue] as a challenge to [Applicant's] placement."   (ECF No. 47 at 2.)

In Civil Action Number 22-cv-01618-LTB-SBP, the magistrate judge recently recommended dismissal of the relevant claim in the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 because "the claims, parties, and available relief in Applicant's Claim One do not differ from the claims, parties, and available relief in *Noe v. True*, No. 22-cv-00361-CMA."   (*See* Civil Action No. 22-cv-01618-LTB-SBP, ECF No. 42 at 6.)   However, the magistrate judge also noted that Applicant's claim is subject to dismissal because he cannot obtain the relief he seeks— release to a general population unit or due process for his placement in ADX—through

2

a § 2241 petition because a habeas action is limited to seeking the remedy of immediate release or a shortened period of confinement and does not extend to a request for a change in prison assignment.   (*Id.* at 5, citations omitted.)

In this case, Applicant states that he did not intend to assert a claim challenging his ADX placement, and Respondent did not construe or brief such a claim in this case. (ECF No. 47 at 2.)   The basis upon which Applicant seeks to amend his Application in this case, *i.e.*, because his claim in Civil Action No. 22-cv-01618-LTB-SBP will be dismissed as duplicative, has little effect because the claim in Civil Action No. 22-cv-01618-LTB-SBP is also subject to dismissal because Applicant cannot obtain the relief he seeks in a § 2241 action.   Finally, because the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is fully briefed in this matter, it would not be efficient to allow an amendment and to require Respondent to file a new brief.   Thus, Applicant's motion to amend his Application will be denied.

## 2. Motion to Reconsider Appointment of Counsel

Applicant seeks reconsideration of the Order denying the appointment of counsel.   (ECF No. 49.)   A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).   A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e).   A motion to reconsider filed more than twenty-eight days after the final judgment

3

in an action should be considered pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).

The Court will consider Applicant's motion to reconsider pursuant to Rule 60(b) because it was not filed within twenty-eight days after the order denying the appointment of counsel.   Under Rule 60(b), a court may relieve a party from a final order because of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).   The Court is mindful that relief under Rule 60(b) "is extraordinary and may be granted only in exceptional circumstances."   *See Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks and citation omitted).

The court denied Applicant's motion for the appointment of counsel without prejudice because, at the time, the case was in its very early stages, Respondent had not yet filed his response to the Application, and the exact nature of the issues that would be presented to the court were not yet known.   (ECF No. 20 at 5.)   The court also was not persuaded that the issues presented in this case are so highly complex so as to require appointment of counsel, and Applicant is able to clearly articulate the basis of his arguments.   (*Id.* at 5-6.)

Applicant has failed to argue that he is entitled to relief because of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).   Applicant's motion to reconsider will be denied.

### 3.  Conclusion

For the foregoing reasons, Applicant's "Motion requesting permission to amend the complaint" (ECF No. 47) and the "Motion to reconsider motion to appoint counsel" (ECF No. 49) are DENIED.   The "Motion requesting the status of pending motions Doc #49 (Reconsider appointment of counsel), Doc #48 (motion to dismiss in part), Doc #47 (Motion to Amend)" (ECF No. 50) is DENIED as moot.

DATED:   August 2, 2023

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge