IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Christine M. Arguello

Civil Action No. 22-cv-00361-CMA

PETER GEORGE NOE,

    Petitioner,

v.

B. TRUE,

    Respondent.

---

ORDER

---

This matter is before the Court on Applicant Peter George Noe's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application"). (ECF No. 1.) The Court construes the Application and other papers filed by Applicant liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

For the following reasons, the Court grants the Application in part and remands the action for a new determination of Applicant's eligibility for time credits.

**I.      BACKGROUND**

Applicant is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). The Application addresses Applicant's eligibility to participate in recidivism reduction programming and earn corresponding time credits under the First Step Act, 18 U.S.C. § 3632. (*See* ECF No. 1.) Applicant requests that the Court retroactively credit him with

380 days' worth of earned-time credits for programs in which he was not able to participate.  (*Id.* at 3, 9.)

On March 22, 2022, Respondent was ordered to show cause why the Application should not be granted.  (ECF No. 15.)  Applicant was instructed that he may file a Reply within 30 days of Respondent's answer to the show cause order.  (*Id.*)  On April 20, 2022, Respondent filed a Response to Order to Show Cause.  (ECF No. 23.)  On October 23, 2023, Applicant filed a Reply to the Response.  (ECF No. 62.)

## II.   ANALYSIS

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  Habeas corpus relief is warranted only if Applicant "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

Respondent's only argument is that "the First Step Act, 18 U.S.C. § 3632(d)(4)(D)(lxvii), deems Applicant 'ineligible to receive time credits' because he is 'serving a sentence for a conviction' under 21 U.S.C. § 841(b)(1)(A) for distribution of methamphetamines, and was found to be the 'organizer and leader of an extensive criminal enterprise' by the sentencing court."  (ECF No. 23 at 1.)

Specifically, Respondent argues that the First Step Act expressly excludes inmates from participation in Evidence Based Recidivism Reduction ("EBRR")

programing, and earning applicable earned-time credits ("ETCs"), if, among other offenses, they were convicted of distributing methamphetamines under 21 U.S.C. § 841(b)(1), and the sentencing court found that they had a leadership or organizer role in that offense.   (ECF No. 23 at 4.)   Specifically, the First Step Act states that:

> A prisoner is *ineligible to receive time credits* under this paragraph *if the prisoner is serving a sentence for a conviction under* … (lxvii) … 21 U.S.C. § 841(b)(1) … *relating* to manufacturing, distributing, dispensing, or *possessing* with intent to manufacture, distribute, or dispense, or knowingly importing or exporting, a mixture of substance containing a detectable amount of *methamphetamine*, . . . *if the sentencing court finds that the offender was an organizer, leader*, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission.

18 U.S.C. § 3632(d)(4)(D)(lxvii) (emphasis added).

The Tenth Circuit addressed this exact argument in a civil rights action filed by Applicant.   In *Noe v. True*, No. 21-1373, 2022 WL 5080196, at *10 (10th Cir. Oct. 5, 2022), the Tenth Circuit found as follows:

> The FSA provides that "[a] prisoner is ineligible to receive time credits" if he "is serving a sentence for a conviction under any of the following provisions of law."   18 U.S.C. § 3632(d)(4)(D).   The subsequent list of disqualifying convictions includes 21 U.S.C. § 841(b)(1)(A)(viii) "relating to . . . distributing . . . methamphetamine . . . if the sentencing court finds that the offender was a . . . leader . . . in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission."   18 U.S.C. § 3632(d)(4)(D)(lxvii).   The list of disqualifying convictions does not include 21 U.S.C. § 846, conspiring to commit a controlled-substance offense.
>
> Defendants argue that Noe was convicted under § 841(b)(1)(A) based upon references to that statutory section in his judgment of conviction and in the decision affirming his conviction.   See R., Vol. 2 at 384 (judgment of conviction on Count 1, "Drug Conspiracy," referencing both § 841(b)(1)(A) and § 846); *United States v. Noe*, 411 F.3d 878, 883 (8th Cir. 2005) ("A jury found Peter Noe guilty of conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 . . . .").

> Noe concedes that he had the requisite leadership role as to his conspiracy conviction, but he maintains that he was convicted only under § 846 of conspiring to distribute methamphetamine.
>
> Noe is correct. His judgment indicates that he was convicted of conspiracy. The decision affirming that conviction stated that his conviction was for conspiracy to distribute methamphetamine. Neither record indicates that Noe was convicted of a substantive offense under § 841(b)(1)(A). Contrary to defendants' assertion, "[t]he inclusion of statutory references to both the conspiracy statute and the sections describing the object of the conspiracy does not transform the judgment into one that describes a conviction of the substantive crime." *United States v. Warren*, 5 F.4th 1078, 1081 (9th Cir. 2021). Thus, Noe's judgment "cannot properly be read . . . to suggest that [he] stands convicted of the crime that was the object of the conspiracy." *Id.*
>
> Moreover, "the law is well settled that commission of a substantive offense and a conspiracy to commit it are separate crimes." *United States v. Johnson*, 977 F.2d 1360, 1371 (10th Cir. 1992) (brackets and quotation marks omitted). This is true as to §§ 841 and 846. *See id.* at 1371-72. Indeed, distribution of a controlled substance requires the element of distribution, while conspiracy to commit such an offense "under § 846 does not require an overt act, let alone . . . distribution." *United States v. Horn*, 946 F.2d 738, 745 (10th Cir. 1991). Thus, Noe's conspiracy conviction under § 846 does not equate to him "serving a sentence for a conviction under" § 841(b)(1)(A), pursuant to § 3632(d)(4)(D)(lxvii). *See Warren*, 5 F.4th at 1081 n.2 (construing the defendant's judgment as reflecting that he committed a single conspiracy offense, rather than the underlying substantive offense that would make him ineligible for time credits under the FSA).

*Id.* In the context of § 2241 applications, at least two other court have agreed with the reasoning of the Tenth Circuit in *Noe* and held that a conviction under § 846 does not disqualify a prisoner from earning time credits. *See Turner v. Keyes*, No. 22-cv-321-WMC, 2022 WL 4094070, at *1, *4 (W.D. Wis. Sept. 7, 2022); *Jones v. Garza*, No. 4:22-CV-00764-SL, 2023 WL 3354135, at *6 (N.D. Ohio Apr. 18, 2023), *report and recommendation adopted*, No. 4:22-CV-764, 2023 WL 3340637 (N.D. Ohio May 10, 2023). *See also Foos v. Eischen*, No. 22-398, 2023 WL 2795860, at *3 (D. Minn. Mar.

14, 2023) ("find[ing] the rationale . . . in . . . *Noe* compelling," although ultimately not deciding the issue), *report and recommendation adopted*, 2023 WL 2795480 (D. Minn. Apr. 5, 2023).

Because the Tenth Circuit has previously held that Applicant's "conviction under § 846 does not equate to him 'serving a sentence for a conviction under' § 841(b)(1)(A), pursuant to § 3632(d)(4)(D)(lxvii)," 2022 WL 5080196, at *10, Respondent's argument fails.

### III.   CONCLUSION

For the foregoing reasons, it is

ORDERED that Applicant Peter George Noe's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is granted in part.[1]   This matter is remanded for a new determination of Applicant's eligibility for time credits.   It is further

ORDERED that all pending motions are denied as moot.

DATED:   January 4, 2024

BY THE COURT:

*(signature)*
CHRISTINE M. ARGUELLO
Senior United States District Judge

---

[1] Applicant requests that the Court retroactively credit him with 380 days' worth of earned-time credits for programs in which he was not able to participate.   (ECF No. 1 at 3, 9.)   This request is not granted.   Rather, the Court merely finds that Applicant qualifies for earned-time credits, assuming he participates in the programs, and remands for recalculation of the credits.