IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00361-CMA

PETER GEORGE NOE,

    Applicant,

v.

A. CIOLLI, Warden,[1]

    Respondent.

**STATUS REPORT IN RESPONSE TO ORDER (ECF No. 64) AND REGARDING APPLICANT'S ELIGIBILITY FOR TIME CREDITS**

    On January 4, 2024, this Court entered an Order "remand[ing] [this matter] for a new determination of Applicant's eligibility for time credits." ECF No. 64. Respondent A. Ciolli provides the Court this Status Report regarding Applicant's eligibility for time credits. As discussed below, Applicant has been enrolled in programming under the First Step Act, and is earning time credits towards his release.

    1.    On February 7, 2022, Applicant Peter George Noe filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See* ECF No. 1.

    2.    On April 20, 2022, Respondent filed a Response to the Court's Order to Show Cause, ECF No. 15. *See* ECF No. 23. At that time, Respondent contended that Applicant was ineligible under the First Step Act to receive earned time credits because

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Warden A. Ciolli is automatically substituted for former Warden B. True.

1

he is serving a sentence for a conviction under 21 U.S.C. § 841(b)(1)(A) for distribution of methamphetamines, and was found to be the organizer and leader of an extensive criminal enterprise' by the sentencing court.  *Id.* at 1.

3. On October 5, 2022, in *Noe v. True*, No. 21-1373, 2022 WL 5080196 (10th Cir. Oct. 5, 2022), the Tenth Circuit held than Applicant was eligible to receive earned time credits under the First Step Act.

4. On August 14, 2023, Applicant filed a motion for preliminary injunction. ECF No. 54.  On August 28, 2023, Respondent filed a response.  ECF No. 58.

5. As indicated in the response to the motion for a preliminary injunction, after the Tenth Circuit's decision in *Noe v. True*, No. 21-1373, 2022 WL 5080196 (10th Cir. Oct. 5, 2022), the BOP determined that Applicant was eligible to earn time credits under the First Step Act.  *See* ECF No. 58 at 2-3.  At that time, Applicant was already enrolled in one evidence-based recidivism reduction program.  *Id.* at 3.

6. On January 4, 2024, the Court granted the Application in part, and remanded the matter for a determination of Applicant's eligibility for time credits.  *See* ECF No. 64 at 5.

7. In response to the Court's Order, Respondent notes that Applicant is eligible to earn time credits under the First Step Act and further notes that Applicant has been enrolled in evidence-based recidivism reduction programming where Applicant is earning time credits.  *See* ECF No. 58-1 ¶ 8, Attach. 1.

8. Applicant remains eligible for these programs, and is currently earning time credits.[2]

Respectfully submitted this 17th day of January, 2024,

        COLE FINEGAN
        United States Attorney

        *s/ Andrew M. Soler*
        Andrew M. Soler
        Assistant United States Attorney
        1801 California Street, Suite 1600
        Denver, Colorado  80202
        Telephone: (303) 454-0201
        Fax: (303) 454-0407
        Andrew.Soler@usdoj.gov
        Counsel for Respondent

---

[2] As of July 30, 2023, Applicant had earned 195 days towards residential reentry center placement, and 365 days of credit towards his date of release.  *See* ECF No. 58-1, Attach. 2.

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I will mail the foregoing to the following non-CM/ECF participant(s) in the manner indicated by the nonparticipant's name:

Peter George Noe
#10849-041
FLORENCE ADMAX
U.S. PENITENTIARY
Inmate Mail/Parcels
PO BOX 8500
Florence, CO 81226
PRO SE

*s/ Andrew M. Soler*
Andrew M. Soler